Williams, Judge,
delivered the opinion:
The plaintiff was appointed to the Consular Service of the United States in October, 1898. On July 1, 1924, he was reclassified and became a Foreign Service officer, class 3. He was continued in that class until June 1, 1926, when he was promoted to the position of Foreign Service officer, class 2. On August 1, 1929, while still occupying the position of Foreign Service officer, class 2, he was involuntarily removed from the public service on the recommendation of the Foreign Service Personnel Board. At the time of his removal from the service he was drawing a salary of $8,000 per annum.
From July 1, 1924, the effective date of the act of May 24, 1924 (43 Stat. 140), entitled, “An act for the reorganization and improvement of the Foreign Service of the United States, and for other purposes,” to August 1, 1929, the date of plaintiff’s removal, 5 per centum of his salary was deducted and contributed to the Foreign Service retirement and disability fund in accordance with the provisions of sections 18 (b) and (c) of said act:
“ (b) There is hereby created a special fund to be known as the Foreign Service retirement and disability fund.
“ (c) Five per centum of the basic salary of all Foreign Service officers eligible to retirement shall be contributed to the Foreign Service retirement and disability fund and the Secretary of the Treasury is directed on the date on which this act takes effect to cause such deductions to be made and the sums transferred on the books of the Treasury Department to the credit of the Foreign Service retirement and disability fund for the payment of annuities, refunds, and allowances.”
The total amount deducted was $1,935.27. Upon the plaintiff’s removal from his position as Foreign Service officer *161 there was returned to him 75 per centum of the amount so contributed, or the sum of $1,451.45.
The plaintiff in this suit seeks to recover the balance of his contribution to the Foreign Service retirement and disability fund, $483.82.
It is provided in the act of May 24, 1924, that in case a Foreign Service officer shall die without having reached the retirement age, the total amount of his contribution, with accrued interest, shall be paid to his legal representatives, or that in case such officer before reaching the age of retirement shall become totally disabled for useful and efficient service by reason of disease or injury not due to vicious habits, intemperance, or wilful misconduct on his part, he may be retired on the annuity provided in the act.
Section 18 (l) of the act of May 24, 1924, further provides:
“(l) Whenever a Foreign Service officer becomes separated from the service except for disability before reaching the age of retirement, 75 per centum of the total amount of contribution from his salary without interest shall be returned to him.”
This provision is clear and unambiguous and does not require interpretation. The plaintiff before reaching the retirement age became separated from the Foreign Service. His separation from the service did not result from disability to perform useful and efficient service. He was removed in the interest of the public service, on the recommendation of the Foreign Service Personnel Board. The Government’s liability is therefore expressly limited to a return of 75 per centum of the total amount of his contributions, without interest, which amount the plaintiff has already been paid.
It is urged by the plaintiff, however, that the deductions from his salary were not voluntarily made; that he had no choice in the matter but was obliged to make the contributions, else his pay vouchers would not have been approved or his salary paid; that, therefore, his contributions to the retirement and disability fund continued to be a part of his salary in which he had, and continued to have, a vested right, which he is entitled to have returned to him.
This contention can not be sustained. The plaintiff was in the Foreign Service when the reclassification act of May 24, 1924, became effective. He continued in the service *162 thereafter, executing his pay vouchers, without protest, on the form prescribed by the State Department authorizing deductions from his salary for the disability and retirement fund, as required by the act. By this action he acquiesced in the deductions and impliedly agreed that his contributions should be disposed of in accordance with the provisions of the act. Whatever right, vested or otherwise, plaintiff had in the contributions made by him to the special retirement and disability fund was contingent upon the conditions enumerated in the statute: (1) Remaining in the service until he reached the retirement age; (2) retirement from the service on account of disability before reaching the retirement age; (3) his death without having reached the retirement age; and, (4) his separation from the service, for causes other than disability, before reaching the retirement age. Until the happening of either of the contingencies enumerated the plaintiff can not be said to have had any vested right in the payments made by him. Upon his separation from the service for cause, other than disability, he became vested with the right to a return of 75 per centum of his contributions. This was the extent of his vested right in such contributions. The amount he is entitled to receive has been paid him. He is, therefore, not entitled to receive the balance of the amount contributed.
The petition is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Qiiebn, Judge; and Booth, Chief Justice, concur.